Matías Suau Ballester, Plaintiff and Appellant, *v.* Andrés Pol Serrano et al., Defendants and Appellees.

No. 5914.   Argued January 13, 1933.—Decided February 3, 1933.

*José D. Rodríguez* and *Angel Arroyo* for appellant.   *L. Mercader* for appellees.

Mr. Justice Hutchison delivered the opinion of the Court.

Plaintiff in an unlawful detainer proceeding appeals from an adverse judgment and submits that the district court erred in not admitting the testimony of a certain witness, in sustaining a motion for nonsuit, in not according due weight to the averments of both parties and to the evidence adduced by plaintiff, and in not rendering judgment for plaintiff.

Plaintiff alleged that on May 1st, 1931, defendants had sold to plaintiff 229 *cuerdas* of land; that from the date of the sale plaintiff had been in possession of the land but not in possession of the dwelling house thereon, which defendants had agreed to vacate within eight days. From a de-

scription of the property as set forth in the complaint and in the deed relied upon by plaintiff, it appears that there were a number of dwellings on the property. There were at least three. There may have been more. The prayer of the complaint was for the eviction of defendants from the dwelling which they occupied, not from the land. That dwelling was not sufficiently identified either by the complaint or by the evidence adduced at the trial.

Defendants, in a verified answer after certain admissions and denials, alleged that they were the owners of the land described in the complaint and of the dwelling house in which they lived and had lived with their children for many years and which they were still occupying as their homestead; that defendants had with Suau, Fiol & Company, of which firm plaintiff was a member, an account for agricultural advances secured by mortgage, a simulated transfer or assignment of which had been made to Carreras & Hermano in fraud of creditors and as an obstruction to liquidation; that the said account was secured by a mortgage on a part of the 229 *cuerdas,* 68 *cuerdas* of which were not included in the said mortgage; that on April 25th, 1931, Suau, Fiol & Company wrote the defendant, Andrés Pol, that he should come to the office of a certain attorney in Lares to secure an account for professional services; that on May 1, defendant came to Lares for that purpose and executed a certain notarial instrument for that sole and exclusive purpose, and not as a deed of conveyance to plaintiff to whom they had not sold anything, and with whom they had not made any contract or agreement, and to whom they had not delivered any property, and from whom they had not received any purchase price or consideration of any kind; and that defendants have remained in possession of the said land as absolute owners thereof awaiting the liquidation of the said account by Suau, Fiol & Company in order to pay the balance, if any was due.

There was nothing in the answer or in the evidence to aid the complaint in the identification of the house from

which plaintiff sought to evict defendants, and the district court did not err by its failure to find in the answer or in the evidence the identification that was lacking in the complaint.

According to the deed referred to in the complaint and in the answer and introduced in evidence by plaintiff, Andrés Pol and his wife appeared as vendors and Matías Suau as purchaser of the 229.22 *cuerdas* described in the complaint. According to the deed a tract of 229.22 *cuerdas* had been formed by the grouping of a number of parcels and was subject to a mortgage for $17,613.88 held by F. Carreras & Hermano, which had matured. Mention was made of other liens which were said to appear in the registry although as a matter of fact they had been canceled. It was said in another paragraph of the instrument that the outstanding liens with interest amounted to $20,000. The purchaser agreed to pay these claims. No money changed hands and no other consideration was mentioned.

The notary testified as a witness for plaintiff that all of the properties of which the larger tract had been formed were not mortgaged to F. Carreras & Hermano and that there was a parcel of 18 *cuerdas* which had not been included in the deed of conveyance, because it was to be transferred or left to Andrés Pol. Here defendant objected and the district judge asked the witness why he had not set forth all of this in the instrument. The witness answered that it was unnecessary because the parcel in question was not one of the group. The district judge then asked why the instrument had not specified, as a consideration, the delivery of a certain number of *cuerdas* to Andrés Pol. The witness answered that the instrument did not so specify because this smaller property was at that time in the name of Enrique Pol and added:—"I am coming to that." The district judge said he would not admit anything about that and added that the witness must testify concerning the deed of conveyance only. Counsel for plaintiff explained that the deed of con-

veyance was connected with the sale of the 18 *cuerdas* inasmuch as Andrés Pol could not acquire the 18 *cuerdas* except by virtue of his sale to Suau. Counsel for plaintiff took no exception to the remarks made by the district judge in answer to the statement but proceeded with his examination of the witness. Asked whether Andrés Pol had delivered possession to Suau, the notary answered that the instrument showed not only delivery of the property but also a waiver of all the right, title and interest that Andrés Pol might have had in the property; and that he had remained on the property because he had requested twelve or fifteen days within which to build a house on the 18 *cuerdas* which he was going to acquire from Enrique Pol as a part of the consideration. Counsel for defendant then asked the court to strike this explanatory statement of the witness as to matters which did not appear in the deed of conveyance and which amounted to an alteration of the terms of the contract. The district judge said: ''The court does not admit that evidence.'' To this ruling counsel for plaintiff excepted.

One of defendants' first objections to the testimony of the notary was that the complaint contained no averment as to the matters about which he was asked to testify. We have said that defendants took no exception to certain remarks made by the district judge. What the judge said was in substance that the testimony came as a surprise to defendants who were not prepared to meet new issues; that, conceding the admissibility of evidence to explain the deed of conveyance, the admission of such evidence in an unlawful detainer proceeding was undesirable because defendants would then be obliged to attack this showing by introducing other evidence and the controversy would cease to be a question of possession and would develop into a conflict of titles.

Plaintiff's prima facie case would have been stronger if the notary had not been put on the stand. The motion for nonsuit was based on the notary's testimony. So also was the judgment which followed. The district judge, through-

488

out the examination of the notary, was endeavoring to avoid that result. The notary was permitted to testify to most of what plaintiff apparently wished to get before the court. There is nothing to indicate that a more extended examination of this witness would have strenghtened plaintiff's case. The examination as far as it goes points to a contrary conclusion. The error, if any, in attempting to place some limit on the range of plaintiff's inquiry concerning matters not mentioned either in the complaint or in the deed of conveyance was harmless.

The testimony of the notary, viewed in the light of defendants' verified answer, was enough to give some color to defendants' claim that the deed of conveyance, if not obtained by fraud and misrepresentation, was void for want of consideration, and these are questions that can not be considered and determined in this unlawful detainer proceeding.

The judgment appealed from must be affirmed.